IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE ADAMCZYK, M24512, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 24-cv-1689-DWD ) |
| LATOYA HUGHES, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Lawrence Adamczyk, a civil detainee housed at Big Muddy River Correctional Center, brings this civil rights action pursuant to the Thirteenth Amendment of the United States Constitution and other various federal statutes for alleged deprivations of his rights. The Court dismissed Plaintiff's original complaint as insufficient to state a claim, and Plaintiff's Amended Complaint (Doc. 22) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1]  Under Section 1915A, the Court is required to screen complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §

---

[1] Persons civilly committed under the Illinois Sexually Dangerous Persons Act (SDPA) (725 ILCS 205 *et seq.*) are subject to the Prison Litigation Reform Act, 28 U.S.C. § 1915 *et seq.. Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff's Amended Complaint focuses on challenges to his conditions of confinement and his standard of living via the Thirteenth Amendment, 42 U.S.C. § 1994, and 18 U.S.C. §§ 1589, 1590, and 1595.  (Doc. 22 at 5).  Plaintiff's complaint is long and repetitive, but it can be distilled to a few basic challenges.  First, he argues that he is being held as a slave or peon at Big Muddy because the prison receives a sum of money each year to "keep" him but uses very little of this money to provide him amenities and essential items.  He further argues that he is a slave or peon because they allow him to incur debts for things like court filings, but do not give him adequate pay to cover those debts, and thus at times he has voluntarily taken prison jobs that pay unreasonably low wages to make ends meet.  Second, he contends that his voluntary jobs violated forced labor laws.  Third, he argues that the issues he describes also amount to violations of prohibitions on trafficking, and that he has essentially been "harbored" at Big Muddy in violation of such provisions.

In addition to the factual allegations and enumerated claims, Plaintiff also included a supporting memorandum of law wherein he discussed a variety of topics and quoted at length from cases about the Thirteenth Amendment and peonage.  (Doc. 22 at 22-34).  In the memorandum, Plaintiff emphasized that he is not attempting to challenge the constitutionality of the SDPA law and is instead intending to challenge state officials' actions purely under the Thirteenth Amendment and related statutes on the theory that

they are subjecting him to peonage. (Doc. 22 at 26). Plaintiff also argue at the end of his memorandum that the prison environment potentially creates, rather than remediates, sexual misbehavior amongst inmates. (Doc. 22 at 33-34). At the end of the pleading, he includes three grievance forms from the Administrative Review Board.

To the extent that Plaintiff claims he is a slave or peon based on his detention at Big Muddy, he still has not adequately supported this theory. The Court initially rejected this theory because Plaintiff did not allege that he had been forced to perform any labor, and thus could not claim servitude or peonage. (Doc. 16 at 6). Plaintiff now alleges that he has held at least four prison jobs in the last five years (Doc. 22 at 10)—but he states that he *voluntarily* sought and accepted these jobs to make money for prison expenses that he freely incurred. He also admits that he was paid varying rates for his work. His voluntary acceptance of the jobs, and the provision of a salary for his work defeats the notion that he was enslaved or treated as a peon in violation of the 13th Amendment. *See Smith v. Dart*, 803 F.3d 304, 314-15 (7th Cir. 2015) (finding that a pretrial detainee could not maintain a 13th claim where he voluntarily accepted a job for additional wages, even if he argued those wages were necessary to improve his standard of living).

At most, he might be attempting to argue that his wage was so low it amounted to servitude (Doc. 22 at 10), but the Seventh Circuit has rejected this sort of argument from a civil detainee. *See Sanders v. Hayden*, 544 F.3d 812, 814 (7th Cir. 2008) (civilly committed individuals are not covered by the Fair Labor Standards Act and cannot pursue claims against a detention facility for sub-minimum wages). Plaintiff's attempt to bolster these claims by citation to 42 U.S.C. § 1994 does not change the outcome because § 1994 is just

the Congressional implementation of the 13th and covers "involuntary servitude," which is not something Plaintiff has experienced.  Plaintiff claims that he is enslaved or is a peon because the defendants have: "total control over labor property rights, total control over romantic partnership rights of any kind, total control over a person access to good or any healthcare, total control over a person living space and accommodations (housing), and total control over a person access to education rights."  (Doc. 22 at 11).  Other than the possible connection between labor and the 13th Amendment or anti-peonage laws, the four other factors Plaintiff has identified are not rooted to any of the legal theories he has identified, and they do not establish that he was a slave or peon.

Plaintiff also cites to 18 U.S.C. §§ 1589 and 1595, which discuss the prohibition on forced labor, and the availability of civil recovery for victims of forced labor.  In this portion of the pleading, Plaintiff merely tries to re-frame arguments about his low wages and the sub-standard conditions of living.  He also complains that medical or mental health staff did not allow him to complain about his conditions, and that these staff work to convince detainees they are the same as prisoners.  None of these arguments, nor the citation to prohibitions on forced labor, make Plaintiff's claims viable for the reasons already explained above.  Likewise, Plaintiff argues that defendants have mistreated him under trafficking laws because he has been harbored for labor or services in violation of 18 U.S.C. § 1590.  This is a criminal provision and does not give rise to a private lawsuit.

As the Court indicated in the initial review of Plaintiff's complaint, this is not the first time that he has attempted to present claims of this nature in federal court.  He previously presented claims citing to the exact same legal theories and statutes in

*Adamczyk v. IDOC, et al.*, Case No. 22-cv-863. In that case, these legal theories were dismissed without prejudice as insufficiently pled. However, Plaintiff was allowed to proceed on other claims directly challenging his living conditions and challenging the validity of the state legislation that allows for his continued detention. The Court also noted that Plaintiff has filed numerous other actions in federal court challenging his ongoing detention. This litigation history makes the Court confident that Plaintiff has been able to raise issues about his situation and his continued detention adequately in court without needing additional opportunities to amend this pleading to preserve his rights. Additionally, given that this is the second time Plaintiff has attempted to pursue claims of this nature, it is becoming a waste of judicial resources for the Court to repeatedly review and reject the same or similar theories. Against this backdrop, the Court now finds it appropriate to dismiss this complaint with prejudice. It is not convinced that Plaintiff could present any factual or legal narrative related to the theories he describes that would be sufficient to proceed on the merits.

## DISPOSITION

Plaintiff's Amended Complaint (Doc. 22) is **DISMISSED with prejudice** for failure to state a claim. This dismissal constitutes a strike under 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: January 30, 2025

DAVID W. DUGAN
United States District Judge