IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE ADAMCZYK, M24512, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 24-cv-1689-DWD ) |
| LATOYA HUGHES, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Lawrence Adamczyk, a civil detainee housed at Big Muddy River Correctional Center, brings this civil rights action pursuant to the Thirteenth Amendment of the United States Constitution and other various federal statutes for alleged deprivations of his rights. The Court dismissed Plaintiff's original complaint and Plaintiff's Amended Complaint (Doc. 22) under 28 U.S.C. § 1915A for failure to state a claim.[1] Plaintiff now seeks reconsideration of the dismissal of this case under Federal Rule of Civil Procedure 60.

Relief under Federal Rule of Civil Procedure 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir.

---

[1] Persons civilly committed under the Illinois Sexually Dangerous Persons Act (SDPA) (725 ILCS 205 *et seq.*) are subject to the Prison Litigation Reform Act, 28 U.S.C. § 1915 *et seq.. Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. FED. R. CIV. PROC. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

Plaintiff's 16-page motion (Doc. 28) merely rehashes arguments the Court already considered and rejected, not just in this case, but also in an earlier case in this District. Specifically, as the undersigned noted during the review of Plaintiff's pleadings in this case, he already presented these arguments in *Adamczyk v. IDOC, et al.*, Case No. 22-cv-863, where his various theories were considered in multiple complaints prior to being dismissed as insufficiently pled.  Plaintiff's theories have been considered, rehashed, and rejected on numerous occasions, and he has not presented a valid basis to unsettle the prior orders in this case.

### DISPOSITION

Plaintiff's Motions for Status (Docs. 30, 31) are **GRANTED** by the issuance of this Order, but are otherwise denied to the extent he tries to present additional substantive

arguments in the body of those motions.  Plaintiff's Motion to Reconsider (Doc. 28) is **DENIED**.  **IT IS SO ORDERED.**

Dated: August 20, 2025                             /s *David W. Dugan*
                                                   _____
                                                   DAVID W. DUGAN
                                                   United States District Judge